Citation Nr: 1132160 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 08-17 078 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for a bilateral hearing loss disability. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

Debbie A. Breitbeil, Counsel



INTRODUCTION


(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). Expedited handling is requested.)

The Veteran, who is the appellant, served on active duty from July 1952 to May 1954.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a rating decision in August 2007 of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina.

In May 2009, the Veteran appeared at a hearing before the undersigned Veterans Law Judge. A transcript of the hearing is in the Veteran's file.

In August 2009, the Board determined that new and material evidence had been presented to reopen the claim of service connection for a bilateral hearing loss disability and remanded the reopened claim for additional development. 

In February 2011, the Board remanded the case to the RO for additional development, as well as promulgating a decision on the claims of service connection for disabilities of the shoulders and the lumbar spine.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the RO via the Appeals Management Center in Washington, DC. 





REMAND

The Veteran was afforded a VA examination in order to obtain a medical opinion in March 2011, as an earlier VA examination in August 2010 was previously deemed by the Board to be insufficient to decide the claim because the basis for the examiner's inability to provide a definitive opinion was not provided. 

The VA examiner in March 2011 furnished an opinion, finding that it was less likely than not that the Veteran's hearing loss was due to noise exposure in military service, but the rationale for the opinion is not helpful in resolving the appeal because it either did not account for significant facts in the case or provide a plausible basis for the opinion. See Nieves- Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two). 

Accordingly, the case is REMANDED for the following action:

1. Afford the Veteran a VA audiology examination by an audiologist who has not previously examined the Veteran to determine: 

Whether it is more likely than not (probability greater than 50 percent), at least as likely as not (probability of 50 percent), less likely than not (probability less than 50 percent), that the current bilateral hearing loss disability is due to noise exposure in service, that is, working around heavy equipment and generators, and the firing of small arms and artillery and other weapons.




The VA examiner is asked to consider whether the Veteran's current bilateral hearing loss disability is consistent with noise exposure, considering accepted medical principles pertaining to the history, manifestation, clinical course, and character of the sensorineural hearing loss. Although hearing loss was not documented during service, the Veteran is competent to describe impaired hearing during service. 

If an opinion on causation is not possible without resort to speculation, the VA examiner is asked to clarify whether the opinion cannot be rendered because there are other potential etiologies for the current hearing loss disability, when one cause, namely, the noise exposure in service as described by the Veteran, is not more likely than any other to cause the Veteran's current bilateral hearing loss disability, for example, post-service occupational noise exposure or age-related hearing loss or hearing loss first documented by history in the 1990s or in 2000, more than four decades after service, and that an opinion on causation is beyond what may be reasonably concluded based on the evidence of record and current medical knowledge.

2. After the development requested has been completed, adjudicate the claim. If the benefit sought remains denied, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
George E. Guido Jr.
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the Veteran's appeal. 38 C.F.R. § 20.1100(b) (2010).